IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. CHAMBERS,          : | |
| :  | |
| Plaintiff,          : | |
| :  | |
| v.          : | Civ. No. 06-739-JJF |
| :  | |
| GOVERNOR RUTH ANN MINNER and  : | |
| ATTORNEY GENERAL CARL DANBERG,: | |
| :  | |
| Defendants.          : | |

_____

Michael L. Chambers, <u>Pro</u> <u>se</u> Plaintiff.

_____

**<u>MEMORANDUM OPINION</u>**

January 10, 2007
Wilmington, Delaware

Farnan, District Judge

Michael Chambers, an inmate at the Howard R. Young Correctional Institution filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted leave to proceed in forma pauperis. (D.I. 4.)

For the reasons discussed below, the Court will dismiss, without prejudice, the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.    THE COMPLAINT

Plaintiff alleges that the State of Delaware knowingly and unlawfully transferred him from Pennsylvania to Delaware in violation of the Interstate Agreement on Detainers Act ("IAD"), Article II.  Plaintiff alleges that Defendants are liable under 42 U.S.C. § 1983 for violation of the IAD.  He seeks $1,000 per day for each day he is held in Delaware

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

-1-

defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**III. ANALYSIS**

**A.   Habeas Corpus**

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973). A plaintiff cannot recover under § 1983 for alleged wrongful

-2-

incarceration unless he proves that the conviction or sentence
has been reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal authorized to make such
determination, or called into question by a federal court's
issuance of a writ of habeas corpus. See Heck v. Humphrey, 312
U.S. 477, 487 (1994). In this case, Plaintiff has not alleged
that his conviction or sentence was reversed or invalidated as
provided by Heck. Additionally, violations of the IAD cognizable
in federal habeas corpus, rather than in a § 1983 claim, because
the IAD is a "law of the United States" for purposes of 28 U.S.C.
§ 1154. McCandless v. Vaughn, 172 F.3d 255, 263 (3d Cir. 1999)
(citations omitted). Accordingly, the Court will dismiss
Plaintiff's claim to the extent that it is based on the fact or
duration of his confinement.[1]

**B. Respondeat Superior**

Plaintiff names as Defendant the Governor of the State of
Delaware and Attorney General Carl Danberg ("Danberg")[2]
apparently on the basis of respondeat superior. Supervisory

---

[1] The Court takes notice that on December 18, 2006, Plaintiff
filed a Petition for Habeas Corpus in this Court. Chambers v.
Williams, Civ. No. 06-771-UNA.

[2] To the extent Danburg is named as a defendant because of
his role as a prosecutors, he has absolute immunity for all
activities relating to judicial proceedings. See Imbler v.
Pachtman, 424 U.S. 409 (1976). Moreover, prosecutors are
absolutely immune for all actions performed in a "quasi-judicial"
role. Id. at 430.

-3-

liability cannot be imposed under § 1983 on a respondeat superior theory.  See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

    The Complaint contains no allegations against the foregoing supervisory officials.  The Complaint does not allege that these Defendants were the "driving force [behind]" Plaintiff's alleged constitutional violations or that they were deliberately indifferent to his plight.

    Even construing the Complaint in the light most favorable to the Plaintiff, as the Court must do, it is evident that Governor Minner and Danberg were named as Defendants solely because of their supervisory/administrative positions.  Accordingly, the Court will dismiss the claims against them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**IV.  CONCLUSION**

    For the reasons discussed above, the Court will dismiss the Complaint without prejudice as frivolous pursuant to 28 U.S.C. §

-4-

1915(e)(2)(B) and § 1915A(b)(1). An appropriate Order will be entered.