IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL D. CHAMBERS,
    Plaintiff,

v.

GOVERNOR RUTH ANN MINNER,
ATTORNEY GENERAL CARL DANBERG,
    Defendants.

Civ. No. 06-739-JJF

FILED
JAN 25 2007

## MOTION TO RE-OPEN CIVIL RIGHTS COMPLAINT TO AMEND TO ADD 42 U.S.C. §§ 1981, 1985 AND 1986 PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES, RULE 15

TO: THE HONORABLE JOSEPH J. FARNAN, JR., Judge of the Above-Said Court:

    The Plaintiff, Michael D. Chambers, Pro-se, respectfully request the Honorable Court recind its Order dismissing Plaintiffs Civil Rights Complaint and Re-Open for the reasons that follows:

1. Pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 521 (1972), "Pro-se Litigants are not to be held to the same Stringent Standards as Lawyers filing papers."

    As in the instant case, the Court (U.S. District Court) in the case <u>Cuyler v. Adam</u>, 101 S.Ct. 703 (1981), dismissed Complaint concluding that respondent John Adam failed to state a claim under 42 U.S.C. §§ 1981 and 1983 concerning Violation of the Interstate Agreement on Detainers Act upon which relief could be granted,

441 F. Supp. 556, the Third Circuit Court of Appeals and The United States Supreme Court concluded because the Detainer Agreement is an interstate compact approved by Congress and is thus a federal law subject to federal rather than state construction.

The Federal Appellate Courts further found that, "Respondent Adams has therefore stated a claim for relief under 42 U.S.C. § 1983 for the asserted violation by state officials of the Terms of the Detainer Agreement." See Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed. 2d 555 (1980).

2. The Eleventh Amendment of the United States Constitution Immunity Clause for Prosecutors only shields Prosecutors concerning Judicial Proceedings, not as far as the Attorney Generals Office Policy's, Practices, Customs, Procedures, Management and Supervision over its employees. See Dennis v. Higgins, 498 U.S. 439, 443, 445, 111 S.Ct. 868, 869-870, 112 L.Ed. 2d 969 (1991), the Court concluded that, "42 U.S.C. § 1983 provides a remedy, to be broadly construed against all form of official violation of federally protected rights."

The Plaintiff asserts the Attorney General's Office and the Governor's Office are liable under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 for Reckless Disregard and Deliberate Indifference, to Plaintiff's Civil and Constitutional Rights, failing to Manage,

Supervise, not putting in place preventive policies and training to prevent State Officials of knowingly, unlawfully Extraditing citizens in violation of the terms of the Interstate Agreement and the Uniform Criminal Extradition Acts.

Furthermore, they (defendants) has violated the provisions of 42 U.S.C. § 1981, 1985 and 1986 which states:

<u>42 U.S.C. § 1981</u>; (a) "All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other;

<u>42 U.S.C. § 1985</u>; (a) "Conspiracy to interfere with civil rights by Two or more persons conspiring", (b) "Obstruction of Justice in State Court proceedings, intimidating party witness, or juror," (c) "Depriving persons of rights or privileges;"

<u>42 U.S.C. § 1986</u>; Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to

prevent or aid in the preventing commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

3. As regards Plaintiff's "Petition For A Writ of Habeas Corpus" under Title 28 U.S.C. § 2254 concerning "Unlawful Extradition" by Delaware State Officials, DOCKETED; as <u>Chambers v. Williams</u>, et al., Civil Action No. 06-771-JJF.

The Honorable U.S. District Court has the Authority and Jurisdiction to entertain the instant "Extradition" matter under the Federal Habeas Corpus, pursuant to <u>United States Ex Rel. Grano v. Anderson</u>, 318 F. Supp. 263 (D.Del. 1970) aff'd, 446 F.2d 272 (3d Cir. 1971), "Where this Rule, Superior Court Criminal Rule 61, on its face does not afford an aggrieved party the right of review from an order of extradition, ~~proceeding from the right of review by way of habeas corpus. It is~~ and 10 Del. C. § 6902 expressly exempts extradition proceeding from the right of review by way of habeas corpus, the court could not conclude that this petitioner has failed to exhaust state remedies.

Accordantly, No state remedy exist to review extradition, and Extradition is a Federal Question subject to Federal review, it is incumbent on this Honorable Court to address the instant matter. See <u>Cuyler v. Adams</u>, supra.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL D. CHAMBERS,
    Plaintiff,

V.                        Civ. No. 06-739-JJF

GOVERNOR RUTH ANN MINNER,
ATTORNEY GENERAL CARL DANBERG,
    Defendants.

## CERTIFICATE OF SERVICE

I, Michael D. Chambers, Plaintiff, Pro-se, hereby Certify that on this 23 day of January, 2007, I cause the Copy of the foregoing,"Motion To Re-Open Civil Rights Complaint To Amend To Add 42 U.S.C. §§§ 1981, 1985 And 1986 Pursuant To Federal Rules Of Civil Procedures, Rule 15," by First Class Mail upon the following parties:

Governor Ruth Ann Minner
Tatnall Building
150 William Penn Street, 2nd Fl.
Dover, DE 19901

Carl Danberg Attorney General
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

Respectfully submitted
*Michael D. Chambers*
Michael D. Chambers SBI#246261
Howard R. Young Correctional Inst.
1301 E. 12Th Street
Wilmington, DE 19809

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL L. CHAMBERS,                :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :    Civ. No. 06-739-JJF
                                    :
GOVERNOR RUTH ANN MINNER and        :
ATTORNEY GENERAL CARL DANBERG,      :
                                    :
        Defendants.                 :

## ORDER

NOW THEREFORE, at Wilmington this 10 day of January, 2007, IT IS HEREBY ORDERED that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

2. Plaintiff is not required to pay any previously assessed fees or the $350.00 filing fee. The Clerk of the Court is directed to send a copy of this Order to the appropriate prison business office.

                            /s/ Joseph J. Farnan Jr.
                            UNITED STATES DISTRICT JUDGE





Michael Chambers 246-261
P.O. Box 9561
Wilm, De. 19809

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801