IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL D. CHAMBERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-739-JJF |
| | ) | |
| | ) | |
| GOVERNOR RUTH ANN MINNER, | ) | |
| and ATTORNEY GENERAL | ) | |
| CARL DANBERG | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**

1.  Plaintiff Michael Chambers, ("Plaintiff") is a sentenced inmate incarcerated and presently under the supervision of the Pennsylvania Department of Correction ("PADOC") at the State Correctional Institution, ("SCI- Albion") in Pennsylvania. On or about May 18, 2006, the Plaintiff was transferred from the PADOC to the Delaware Department of Corrections ("DOC") at the Howard R. Young Correctional Institution ("Gander Hill") pursuant to the Interstate Agreement on Detainers, ("IAD"). 11 Del. C. §2540 *et seq.* On or about December 5, 2006, the Plaintiff filed a Complaint pursuant to 42 U.S.C.§1983 with leave to proceed *in forma pauperis* against Ruth Ann Minner, Governor of the State of Delaware and Carl C. Danberg,[1] ("State Defendants") former Attorney General of the State of Delaware alleging Eighth and Fourteenth Amendment Due Process violations. (D.I. 2). Specifically, the Plaintiff

---

[1] At the time Plaintiff filed his Complaint, Carl C. Danberg was Delaware Acting Attorney General. In January, 2007, he became Commissioner of the Department of Correction.

alleges the "State of Delaware Officials under 42 U.S.C. §1983, are liable for violations of the terms of the Detainer Agreement as they knowingly and unlawfully transferred petitioner from Pennsylvania to Delaware in violation of Article III of the IAD." *Id.* In a January 10, 2007, Memorandum Opinion, the court dismissed Plaintiff's claim to the extent that it was based on the fact or duration of his confinement.[2] (D.I. 6). The Court further concluded the State Defendants were named solely because of their supervisor/administrative positions and, therefore, dismissed the claims against them as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A(b). *Id.*

2.   On or about January 25, 2007, the Plaintiff filed a motion to re-open the case pursuant to 42 U.S.C.§ 1983 as well as §§1981, 1985 and 1986. (D.I. 8). On or about May 1, 2007, the court granted Plaintiff's motion and ordered service of process issued upon State Defendants. (D.I. 9). On or about June 26, 2007, State Defendants filed a motion for enlargement of time of 60 days or until August 24, 2007, in which to file a response. (D.I. 13). On or about June 29, 2007, State Defendants' motion was granted. (D.I. 15). This is State Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss.

3.   Plaintiff's Amended Complaint alleges the "Attorney General's Office and the Governor's Office are liable under 42 U.S.C. §§1983, 1981, 1985 and 1986, for reckless disregard and deliberate indifference to Plaintiff's civil and constitutional rights, failing to manage, supervise, not putting in place preventive policies and training to prevent state officials of knowingly and unlawfully extraditing citizens in violation of the terms of the Interstate Agreement and the Uniform Criminal Extradition Acts." (D.I. 8).

---

[2]   The District Court took notice that on December 18, 2006, Plaintiff filed a Petition for Habeas Corpus in that court which is still pending. *Chambers v. Raphael Williams & Carl Danberg,* C.A. No. 06-771-JJF.

4.      In deciding a motion to dismiss, the Court must accept as true all material allegations of the complaint, and it must construe the complaint in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "The complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.*  Though *pro se* pleadings are entitled to leniency, such pleadings must still place a defendant on notice as to what wrong he has supposedly committed. *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985). ("[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed.").

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

5.      An inmate must first exhaust the administrative remedies available to him prior to filing a §1983 action pursuant to the Prison Litigation Reform Act of 1996, ("PLRA") 42 U.S.C. §1997e(a), regardless of whether the relief he desires can be granted by the administrative process. *Nyhuis v. Reno*, 204 F. 3d 65, 67 (3d Cir. 2000) *See also Booth v. Churner*, 206 F. 3d 289, 295 (3d Cir. 2000).  Congress amended 42 U.S.C. §1997e(a) in response to the heavy volume of frivolous prison litigation filed by inmates who often file claims that are untidy, repetitious and regurgitate legal language. *Nyhuis* at 73-74. These claims require the courts to expend significant judicial resources to review these claims. *Id.*  It is with these considerations, along with the plain meaning of 42 U.S.C. §1997e(a), that the Court must dismiss an action filed by or on behalf of a prisoner who has failed to exhaust all available administrative remedies prior to filing a lawsuit. *Id.* at 78.  The Third Circuit unequivocally ruled that the exhaustion of

administrative remedies requirement of the PLRA applied to any and all claims brought by an inmate pursuant to 42 U.S.C. §1983, regardless of the relief sought. *Id.* at 70.

6. Plaintiff's §1983 claims are clearly subject to §1997e(a) exhaustion of remedies requirement. *Porter v. Nussle*, 534 U.S. 516 (2002). Section 1997e(a) is applicable to all inmate claims except those challenging the fact of duration of confinement. Plaintiff's complaint reflects that he followed no administrative procedures nor sought any administrative remedies before filing his lawsuit. In explaining why he took no steps to resolve his complaint the Plaintiff responds with an incomprehensible: "the remedy for issues raised exist in federal court under 42 U.S.C. §1983 civil rights complaint." (D.I. 8) The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *Spruill v. Gillis,* 372 F.3d 218, 227-28 (3d Cir. 2004). As previously mentioned, the administrative remedies requirement of the PLRA applies to any and all claims brought by an inmate pursuant to 42 U.S.C. §1983, regardless of the relief sought. *Nyhuis,* 204 F. 3d at 70. (3d Cir. 2000). Based on Plaintiff's non-compliance with administrative procedures, the Plaintiff has failed to exhaust his administrative remedies, and therefore, his claims must be dismissed pursuant to 42 U.S.C. §1997e(c)(2).

**EIGHTH AMENDMENT**

7. It is well established that the Eighth Amendment protects prisoners from various types of harm. *Farmer v. Brennan,* 511 U.S. 825, 832-34 (1994). To state a cognizable claim, a prisoner must allege facts, if proven, would satisfy two requirements. First, the alleged deprivation of rights must be sufficiently serious, and secondly, the officials must have acted with a sufficiently culpable state of mind. *Id.* at 834. The precise nature of these two requirements will vary depending on the context of the

particular claim. Plaintiff claims the State Defendants are liable for reckless disregard and deliberate indifference to his constitutional rights because their policies allowed for the Plaintiff to be transferred from Pennsylvania to Delaware in violation of the IAD. The Plaintiff however, fails to state exactly how State Defendants' policies demonstrated reckless disregard and deliberate indifference regarding his constitutional rights.  The Plaintiff's Amended Complaint merely paraphrases a few statutes and cites case law having little or no bearing on the case at bar.

**42 U.S.C. §1981(a)**

8. The Plaintiff alleges the State Defendants violated 42 U.S.C.§1981 when "they failed to manage, supervise and train state officials who knowingly and unlawfully extradited citizens in violation of the terms of the IAD." (D.I. 8 ¶2).  Section 1981(a) states:

> "that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind and to no other."

42 U.S.C. §1981(a).  To state a claim pursuant to Section 1981, the Plaintiff must allege facts in support of the following elements: (1) [he ] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts…*Brown v. Phillip Morris Inc.,* 250 F.3d 789, 797 (3d Cir. 2001).

Absent from Plaintiff's Complaint are any allegations regarding one or more elements enumerated in the statute. The Plaintiff merely recites the language of the statute while failing to substantiate how the statute applies to the State Defendants and

any alleged violations on their part. The Plaintiff therefore, has failed to state a claim for the violation of 42 U.S.C.§1981 and thus should be dismissed.

### 42 U.S.C.§§1985 and 1986

9.      The Plaintiff also alleges the State Defendants violated 42 U.S.C. §§1985 and 1986 by conspiring to violate his constitutional rights. (D.I. 8 ¶2). To state a claim under 42 U.S.C.§1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold,* 112 F. 3d 682, 685 (3d Cir. 1997).

Again, Plaintiff's Complaint offers nothing more than bald allegations unsupported by factual evidence. Absent a showing of a mutual understanding indicative of a "meeting of the minds," *See e.g., Grimes v. Louisville and Nashville Railroad Company*, 583 F.Supp. 642, 650 (N.D. Ind. 1984), *aff'd*, 767 F.2d 925 (7th Cir. 1985), *cert. denied*, 476 U.S. 1160 (1986), Plaintiff's broad conclusions fail to meet the specificity requirements necessary to state a constitutional claim. *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986). Moreover, the Plaintiff must show that he was denied his constitutional rights and that the officials intended or knew about the deprivation. *Bougher v. Univ. of Pittsburgh* 882 F. 2d 74, 79 (3d Cir. 1989) (§1985); 42 U.S.C. §1986; *Jones v. City of Philadelphia,* 491 F. Supp. 294, 288 (E.D. Pa. 1980)(requiring that officials possess knowledge of the deprivation in order to be liable under §1986). Plaintiff claims the State Defendants' policies, lack of supervision and training of state officials led to his unlawful extradition from Pennsylvania to Delaware;

however, Plaintiff fails to provide any evidence that his transfer was unlawful, or how his constitutional rights were violated, or how the State Defendants were aware of any deprivation. Lastly, a cognizable 42 U.S.C.§1985 claim is a prerequisite to stating a claim under §1986. *Robison v. Canterbury Vill., Inc.,* 848 F.2d 424, 431 n.10 (3d Cir. 1988). Since Plaintiff has failed to state a claim pursuant to §1985, his claim under §1986 must also fail.

       **RESPONDEAT SUPERIOR**

10.    When bringing a §1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff appears to sue State Defendants Minner and Danberg based upon their supervisory positions. It is well established that supervisory liability cannot be imposed under §1983 on a *respondeat superior* theory. *Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrong. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Without personal involvement in alleged constitutional violations, the State Defendants cannot be held liable. Supervisor liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inaction were "the moving force" behind the harm suffered by the Plaintiff. *Sample v. Diecks,* 885 F. 2d 1099, 1117-118 (3d Cir. 1989). There is nothing in Plaintiff's Complaint however, to suggest the State Defendants were the "moving force" behind any alleged constitutional deprivation as alleged by the Plaintiff. Moreover, Plaintiff fails to identify how the State Defendants participated in or were cognizant of the events which he claims deprived him of his constitutional rights.

**ABSOLUTE IMMUNITY**

11. It is well established that state and regional legislators are entitled to absolutely immunity from liability under §1983 for their legislative activities. *Bogan v. Scott-Harris,* 523 U.S. 44, 46 (1998). (citations omitted). Immunity extends to state executive branch officials, such as the governor, when they perform a legislative function. *Id.* at 55. "Whether an act is legislative turns on the nature of the act, rather than the motive or intent of the official performing it." *Id.* at 54. An executive function that is an integral step in the legislative process will usually be considered a legislative act. *Id.*

It is apparent that Plaintiff's claims against State Defendant Danberg involve his conduct as Attorney General. (D.I. 8). Plaintiff offers no suggestion that State Defendant Danberg acted outside his legitimate prosecutorial role, *Rose v. Bartel,* 871 F.2d 331 (3d Cir. 1989), and as such, State Defendant is protected from liability in a civil rights suit brought under §1983 by the doctrine of absolute prosecutorial immunity. *See Imbler v. Pachtman,* 424 U.S. 409 (1976). Accordingly, both State Defendants are absolutely immune from suit for any alleged legislative or prosecutorial acts undertaken by them in their respective positions.

**QUALIFIED IMMUNITY**

12. The doctrine of qualified immunity protects government officials from civil liability insofar as their conduct "does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects officials from the personal cost of litigation and the attendant inhibiting effect litigation has on the proper discharge of their official responsibilities. *Lee v. Mihalich*, 847 F.2d 66, 69 (3d Cir. 1988).

The Supreme Court has announced unequivocally that the District Court, at the earliest possible stage of litigation, must consider the defense of qualified immunity under a legal standard separate and apart from its analysis of the underlying claim itself. These two analyses are not susceptible to fusion, and cannot be left for factual resolution by the trier of fact. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The first question before the Court in a qualified immunity analysis is whether, taken in the light most favorable to the party asserting injury, the facts show that the prison officials' conduct violated a constitutional right. *Brosseau v. Haugen,* 125 S.Ct. 596, 598 (2004)(*citing Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  For the reasons set forth above, Plaintiff has failed to provide any evidentiary support to his alleged constitutional violations.  Additionally, Plaintiff's Eighth Amendment claim of deliberate indifference also suffers from legal defects as he has failed to make out a constitutional violation.

The next stage of the qualified immunity analysis requires the Court to ask whether the constitutional right allegedly violated was clearly established. *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable prison official that his conduct was unlawful in the situation he confronted." *Id* at 202. The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  The Court must ask whether a reasonable public official would know his or her specific conduct violated clearly established rights. *Grant v. City of Pittsburgh*, 98 F.3d 116, 121 (3d Cir. 1996). "The 'salient question' is whether the state of the law at the time of the challenged

conduct gave defendants 'fair warning' that their action was unconstitutional. *Black Hawk v. Pennsylvania*, 225 F.Supp.2d 465, 480 (M.D. Pa. 2002)(*quoting Hope v. Pelzer*, 536 U.S. 730,741 (2002)(articulating the "clearly established" inquiry to require that an official have 'fair warning' that the alleged activity engaged in was unconstitutional)).

Nothing in Plaintiff's Amended Complaint supports a finding that State Defendants ever engaged in any conduct which violated Plaintiff's rights. Additionally, Plaintiff's vague statements in his Amended Complaint fail to allege how State Defendants specific conduct violated his clearly established rights. Accordingly, State Defendants are entitled to the defense of qualified immunity.

**ELEVENTH AMENDMENT IMMUNITY**

13.    The plaintiff's Complaint arguably names the State Defendants in their official capacities. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley*

*v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (*quoting Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984)). The United States Congress can abrogate a state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). No such clear intent can be seen in 42 *U.S.C.* §1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 *U.S.C.* §1983. Neither the State of Delaware, nor agencies or officials of the State of Delaware are "persons" as contemplated by 42 *U.S.C.* § 1983.

A suit against state officials in their official capacities is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, the State Defendants in their official capacities are not "persons" for the purposes of 42 *U.S.C.* § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, given this categorization, this Court lacks jurisdiction over the State Defendants in their official capacities, and State Defendants are outside the class of persons subject to liability under 42 *U.S.C.* § 1983. Accordingly, any "official capacity" claims against the State Defendants should be dismissed based on the Eleventh Amendment to the United States Constitution.

### HABEAS CORPUS – 28 U.S.C. §2254

14. Although Plaintiff couches his claims as civil rights and conspiracy violations pursuant to 42 U.S.C. §§1983, 1981, 1985 and 1986, it appears Plaintiff's allegations lie in 28 U.S.C. §2254. (D.I. 8). By invoking Article III of the IAD, it is assumed Plaintiff is alleging violations of the speedy trial provisions of Pa C.S.A., §9101

et seq, and 11 Del. C. §2542(a). Under the IAD, a prisoner against whom a detainer has been lodged is entitled to be brought to trial within 180 days after delivery of written notice of demand to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction. 11 Del.C.§2542(a).

To the extent Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriquez,* 411 U.S. 475 (1973). A Plaintiff cannot recover under §1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 312 U.S. 477, 487 (1994). Additionally, violations of the IAD are cognizable in federal habeas corpus, rather than a 1983 claim, because the IAD is a "law of the United States" for purposes of 28 U.S.C. §1154. *McCandless v. Vaughn,* 172 F.3d 255, 263 (3d Cir. 1999). If the Plaintiff's alleged violations derive from Article III of the IAD, then Plaintiff's sole remedy is a petition for habeas corpus, which as previously mentioned, is presently before this court.

**CONCLUSION**

For the foregoing reasons, State Defendants Governor Ruth Ann Minner and former Attorney General Carl C. Danberg, respectfully request this Honorable Court enter an order dismissing Plaintiff's claims against them with prejudice.

                                      **STATE OF DELAWARE**
                                      **DEPARTMENT OF JUSTICE**

                                      /s/ Ophelia M. Waters \_\_\_\_\_
                                      Ophelia M. Waters, ID#3879
                                      Deputy Attorney General
                                      Department of Justice
                                      820 N. French Street,
                                      Carvel State Bldg., 6th floor
                                      Wilmington, DE 19801
                                      302-577-8400

Dated: August 23, 2007

## *CERTIFICATE OF SERVICE AND MAILING*

I hereby certify that on August 23, 2007, I electronically filed *State Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on August 23, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

Michael D Chambers, Inmate
GG 9667, Unit/Side B/B
State Correctional Institution
10745, Route #18
Albion, PA 16475-0002

.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Department of Justice
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us