IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL D. CHAMBERS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-739-JJF |
| | : |
| GOVERNOR RUTH ANN MINNER and | : |
| ATTORNEY GENERAL CARL DANBERG, | : |
| | : |
| | : |
| Defendants. | : |

Michael D. Chambers, Pro se Plaintiff, SCI-Albion, Albion, Pennsylvania.

Ophelia Michelle Waters, Esquire, Deputy Attorney General, Delaware Department of Justice. Attorney for Defendants.

**MEMORANDUM OPINION**

February \_\_1\_\_, 2008
Wilmington, Delaware

*[signature]*
**Farnan, District Judge**

Presently before the Court is State Defendants' Motion To Dismiss and supporting Memorandum (D.I. 17, 18.) The Court entered a briefing schedule, but Plaintiff failed to file an answering brief. (D.I. 19.) For the reasons set forth below, the Court will grant the Motion To Dismiss.

## I. BACKGROUND

At the time he filed his Complaint, Plaintiff was housed at the Howard R. Young Correctional Institution, Wilmington Delaware. His original Complaint alleged that the State of Delaware knowingly and unlawfully transferred him from Pennsylvania to Delaware in violation of the Interstate Agreement on Detainers Act ("IAD"), Article III. (D.I. 2.) Plaintiff is currently housed at SCI-Albion, a correctional institution in Pennsylvania.

The Court dismissed the original Complaint and on January 25, 2007, Plaintiff moved to reopen the case and to file an Amended Complaint. (D.I. 8.) The Amended Complaint alleges that the Delaware Attorney General's office and the Governor's office violated the Interstate Agreement on Detainers Act ("IAD"), and are liable under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. More specifically, Plaintiff alleges Defendants engaged in "reckless

-1-

disregard and deliberate indifference to Plaintiff's civil and constitutional rights, failing to manage, supervise, not putting in place preventive policies and training to prevent state officials of knowingly, unlawfully extraditing citizens in violation of the terms of the Interstate Agreement and the Uniform Criminal Extradition Acts."

Defendants move for dismissal on the grounds that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a); the Complaint fails to state claims under the Eighth Amendment, 42 U.S.C. § 1981(a), § 1985 and § 1986; there is no respondeat superior liability under § 1983; Defendants have absolute, qualified, and Eleventh Amendment immunity; and the allegations are more properly brought as a habeas corpus claim.

## II. DISCUSSION

### A. Standard of Law

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

    **B. Administrative Remedies**

Defendants move for dismissal on the basis that Plaintiff did not exhaust his administrative remedies. They point to Plaintiff's statement in his original Complaint when asked whether he followed each step of the administrative procedure, and he replied, "The remedy for issues raised exist in Federal

Court under 42 U.S.C. § 1983 Civil Rights Complaint."  (D.I. 2, ¶ IV.c.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint.  Jones v. Bock, -U.S.-, 127 S.Ct. 910 (2007).  Failure to exhaust administrative remedies must be pled and proved by the defendant.  Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to brining suit in federal court."

-4-

Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2384 (2006).

The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. See Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000); but see Freeman v. Snyder, No. 98-636-GMS, 2001 WL 515258, at *7 (D. Del. Apr. 10, 2001) (finding that if no administrative remedy is available, the exhaustion requirement need not be met).

Delaware Department of Correction ("DOC") administrative procedures provide for a multi-tiered grievance and appeal process. An inmate who wishes to grieve a particular issue must express the grievance in writing within seven calendar days following the incident. The grievance is reviewed by the institutional grievance chair. If the grievance is unresolved, then the inmate is entitled to a hearing before the resident grievance committee. The decision of the resident grievance committee is forwarded to the warden or the warden's designee for review and concurrence. If the resident grievance committee fails to obtain the concurrence of the warden, the inmate is entitled to review of the matter by the bureau grievance officer. An inmate has exhausted all available administrative remedies once the foregoing is completed. DOC Policy 4.4 (revised May 15, 1998).

By Plaintiff's own admission he did not exhaust his administrative remedies as required by statute. For this reason alone, his Amended Complaint must be dismissed. See <u>Carter v. Bruce</u>, No. Civ. A. 05-3402-SAC, 2005 WL 2874816 (D. Kan. Nov. 1, 2005) (full exhaustion of administrative remedies required in civil rights case seeking injunctive relief and damages for defendants' alleged violation of plaintiff's rights under the IAD). Therefore, the Court will grant Defendants' Motion To Dismiss for failure to exhaust administrative remedies.

**C. Failure to State a Claim**

Defendants raise a number of other grounds to support their Motion To Dismiss. The Court sees no need to address all the grounds raised but notes that the Amended Complaint fails to state a claim upon which relief may be granted.

The IAD "basically (1) gives a prisoner the right to demand a trial within 180 days; and (2) gives a State the right to obtain a prisoner for purposes of trial, in which case the State (a) must try the prisoner within 120 days of his arrival, and (b) must not return the prisoner to his 'original place of imprisonment' prior to trial." <u>Alabama v. Bozeman</u>, 533 U.S. 146, 151 (2001); <u>see also</u> <u>State v. Davis</u>, 1993 WL 138993 (Del. Super. Ct. Apr. 7, 1993). This provision aims to protect a prisoner with outstanding detainers and to preserve a prisoner's ability to present an effective trial, receive a speedy trial, and

-6-

participate in treatment and rehabilitation programs. <u>Cuyler v. Adams</u>, 449 U.S. 433, 449 (1981); <u>Rhodes v. Schoen</u>, 574 F.2d 968, 969 (8th Cir. 1978).

IAD violations are cognizable under 42 U.S.C. § 1983, <u>Cuyler</u>, 449 U.S. at 449-50, but only in certain situations. <u>Rhodes</u>, 574 F.2d 970 (requiring merely general compliance with IAD). For example, the denial of a pre-transfer hearing, which is guaranteed by the IAD, is a breach of prisoner's due process rights. <u>Cuyler</u>, 449 U.S. at 449. Conversely, a two month delay in the forwarding of a final disposition request does not create a § 1983 cause of action as long as plaintiff was afforded his procedural due process guarantees, such as a pre-transfer hearing and a speedy trial. <u>Rhodes</u>, 574 F.2d at 970.

Plaintiff alleges in a very general manner that Defendants violated his constitutional rights. Plaintiff is obligated to provide the grounds of his entitlement to relief, and this requires more than labels and conclusions. The allegations in the Amended Complaint are so general and vague that Defendants are not adequately apprised of any act or inaction that allegedly violated Plaintiff's constitutional rights. Indeed, Plaintiff alleges that Defendants violated of the terms of the Interstate Agreement and the Uniform Criminal Extradition Acts, but the Amended Complaint gives no hint how said violations occurred.

Plaintiff also alleges violations of 42 U.S.C. §§ 1981, 1985, and 1986. The Amended Complaint quotes portions of each statute, but provides no facts to support claims under any of the statutes.

Section 1981 forbids discrimination on the basis of race in the making of public and private contracts. See St. Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987); Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385 (3d Cir. 1999). The Amended Complaint contains no such allegations.

Section 1985 is enlisted when alleging a conspiracy. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." Kush v. Rutledge, 460 U.S. 719, 725 (1983). It is a well-settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. at 726. Plaintiff fails to state a cause of action for conspiracy under § 1985. Indeed, he fails to allege any facts from which one could infer an agreement or understanding among Defendants to violate his constitutional rights, or to discriminate against him under § 1985.

Finally, Plaintiff fails to state a claim under § 1986. A cognizable 42 U.S.C. 1985 claim is a prerequisite to stating a claim under § 1986. <u>Robison v. Canterbury Vill., Inc.</u>, 848 F.2d 424, 431 n.10 (3d Cir. 1988); <u>Brawer v. Horowitz</u>, 535 F.2d 830, 841 (3d Cir. 1976). Plaintiff, however, has not properly pled a § 1985 violation under any viable legal theory.

Based upon the foregoing, the Court will grant State Defendants' Motion To Dismiss the Amended Complaint on the basis of failure to state a claim upon which relief may be granted.

### III.  CONCLUSION

The Court will grant State Defendants' Motions To Dismiss. (D.I. 17, 18.) An appropriate Order will be entered.